## Dunlap, Syndic, *v.* Freret, Sheriff.

In an action by a judgment creditor against a Sheriff, for releasing goods which had been seized to satisfy the writ, the introduction by plaintiff of the Sheriff's return, which stated that the goods were not owned by the defendant in execution, but belonged to another, will not estop the plaintiff from disproving the return. In such a case, *prima facie* evidence of the incorrectness of the Sheriff's return is sufficient to cast upon him the burden of proving property out of defendant in execution.

A Sheriff cannot insist on an indemnifying bond, merely because he sees, or thinks he sees, danger to himself in holding on to the seizure.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Durant & Horner,* for plaintiff. *Blache,* for defendant and appellant.

SLIDELL, C. J. The Sheriff appeals from a judgment condemning him to pay the amount of an execution which he levied on goods of *Michael O'Connor,* the judgment debtor, and which he released, on the representation of one *Jackson,* that the goods were his, and on the refusal of the plaintiff to give him a bond of indemnity.

The main issue between these litigants is, whether the goods so seized and then released, were the property of the defendant in execution. An examination of the evidence, of which the District Judge has given an able review, has not satisfied us that he came to an erroneous conclusion. The veil which the parties had thrown over *O'Connor's* property was flimsy; though we are satisfied the Sheriff acted honestly, and committed merely an error of judgment.

It is obviously inadmissible to say, that the plaintiff is estopped by offering the return of the Sheriff, which, in substance, states that the goods seized and then released, were not the property of *Michael O'Connor.* On the contrary, in an action for false return, the judgment, writ and return, must be proved; and then evidence must be introduced of its falsity. And where, as in this case, a levy had been made, showing that the Sheriff considered at the time that the goods were the property of the defendant in execution, it seems just to say that *prima facie* evidence of the incorrectness of his return is sufficient to cast upon him the burden of proving property out of the defendant in execution. See Greenleaf on Evidence, vol. 2, § 592. Petersdorff's Abridgment, *verbo* Sheriff. *Magne* v. *Seymour,* 5 Wendell, 310. There is nothing in *Webb* v. *Kemp,* 2 Ann. 370, which militates against this doctrine. There the action was to make the Sheriff liable under the Act of 1826, for having failed to return the writ of *fieri facias* within the delay prescribed by law. The only evidence offered was the return of the Sheriff, which showed that the Sheriff had acted under the express instruction of the plaintiff. There being no evidence to the contrary, the court said that no more valid excuse could be given.

It is urged for the defendant, that it appears from the Sheriff's return, that on being threatened with suit by *Jackson,* if he persisted in the seizure, the Sheriff notified the plaintiff's attorneys that he would give up the seizure, unless they furnished a bond of indemnity, and that they refused to give any bond. We are not aware of any provision of our law, or adjudged case in our Reports, which recognizes the right of the Sheriff to claim a bond under such

circumstances, and if refused, to abandon the seizure; nor have we found authority in the practice of our sister States or England, that the Sheriff, in such case, may demand a bond, merely because he sees, or thinks he sees, danger to himself in holding on to his seizure. From the New York and English cases, Mr. Justice Sutherland, in 8 Cowen, 67, deduced this rule, that if no indemnity be offered, it is the Sheriffs' duty to call a jury, and if they find the property not in the defendant, the Sheriff is justified in returning *nulla bona;* but if, after such inquisition, the plaintiff offers a sufficient indemnity, the Sheriff must proceed and sell; and that a Sheriff acts at his peril in returning *nulla bona* under any other circumstances. See, also, *Magne* v. *Seymour,* 8 Wendell, 309. And as to the jurisprudence in Louisiana, see *Lacy* v. *Buhler,* 8 N. S. 664.

He who accepts the office of Sheriff, certainly undertakes grave responsibility and serious risks. On the one hand, if the creditor points out property to the Sheriff which really belongs to the debtor, and, deceived by false appearances or misrepresentation, he omits to seize, he is liable to the creditor. On the other hand, if he take the goods of another, though the plaintiff assures him they are the defendant's, he is answerable in damages to the owner. With the creditor at his back urging a seizure, and a claimant in front warning him to cease—often perplexed by the shifts of a cunning debtor, or embarrassed by the confidence or carelessness of an honest owner, the position of this officer, everywhere delicate and dangerous, is peculiarly so in our own State. *Dextrum Scylla latus, lœvum implicata Charybdis obsidet.* It is certainly to be regretted, that the hardship of his position, which was the subject of comment in *McDowell* v. *Lewis,* 4 Ann. 401, has not been mitigated by legislation. It was well remarked by Chief Justice Eustis, in that case, that " a law empowering Sheriffs to summon a jury to determine on doubtful questions relating to the ownership of property which is directed to be seized in execution, modified, as it is in England and many of our States, by a settled jurisprudence, would be of great public benefit, and no more than a just protection to the public officer in the discharge of his difficult and important duties."

Judgment affirmed, with costs.